IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHAY DIEZ, § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> APEX LEADERSHIP § <br> FRANCHISING LLC and § <br> HERITAGE ACQUISITION LLC § <br> § <br> Defendants § | CIVIL ACTION NO.   1:24-cv-1476 <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

Shay Diez ("Plaintiff"), by and through counsel, lodges this Complaint for copyright infringement and unfair competition against Apex Leadership Franchising LLC ("Apex") and Heritage Acquisition LLC ("Heritage") (jointly, "Defendants"), and, demanding trial by jury for all issues so triable, hereby alleges as follows:

### I.   NATURE OF THE ACTION

1)   This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.* and unfair competition, arising in connection with Defendants' unauthorized

1

commercial exploitation of Plaintiff's federally registered copyrighted materials described herein.

## II.   PARTIES

2) Plaintiff Shay Diez is an individual residing at 251 Grafton Lane Austin, Texas 78737.

3) Defendant Apex Leadership Franchising LLC is a Delaware limited liability company with its principal place of business at 5212 Crystal Water Drive, Austin, TX, 78735-6341, and according to records maintained by the Texas Secretary of State may be served through its registered agent The Corporation Trust Company, Corporation Trust Center, at 1209 Orange Street, Wilmington, DE 19801.

4) Defendant Heritage Acquisition LLC ("Heritage") is a Delaware limited liability company with its principal place of business at 2034 Millwood Drive, Houston, TX, 77008, and according to records maintained by the Delaware Secretary of State may be served through its registered agent The Corporation Trust Company, Corporation Trust Center, at 1209 Orange Street, Wilmington, DE 19801.

5) Upon information and belief, Defendants Heritage and Apex operate as a joint enterprise and/or Apex works under the direction and control of Heritage,

and they are jointly and severally liable for any direct copyright infringement committed by Apex and its subsidiaries.

### III.   JURISDICTION AND VENUE

6) This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 101 et seq. (the U.S. Copyright Act); and 28 U.S.C §§ 1331 (federal question) and 1338(a) (copyrights).

7) This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the acts of infringement, the underlying activities in Austin, TX, and the damages related thereto, complained of herein occurred in this District, the property that is the subject of the action is situated in this District, and because the Defendants may be found in this District.

8) Specific Jurisdiction over Heritage exists as a joint enterprise with Apex, including through its subsidiary Apex ATX LLC and by virtue of its exercise of sufficient control over Apex and its subsidiary Apex ATX LLC, a Texas limited liability company with its principal place of business at 5212 Crystal Water Drive, Austin, TX, 78735-6341, and the infringing actions taking place in this District. Personal jurisdiction is further supported by the presence and actions of Mr. Ben Mitchell, General Manager of Apex ATX, in this district, who, on

information and belief, is a spokesperson for Apex. Upon information and belief, personal jurisdiction is further supported by the presence and actions of Jamie Krasnov (Apex CEO) and Oscar Espinoza (Apex Director of Operations) at and exercising control over Apex ATX LLC's summer camp in Austin, TX during the summer of 2023.

9) Upon information and belief, Heritage and Apex did jointly own and control the materials accused of copyright infringement during the relevant time, pursuant to the governing franchising agreement between Heritage and Apex on the one hand, and Apex ATX LLC on the other hand, and are responsible for the actions leading to the infringement.

10) All conditions precedent, if any, have been performed or have occurred.

### IV. FACTUAL BACKGROUND

11) Mrs. Diez has been teaching Elementary PE for over 16 years and running a summer camp ("Camp Drip") in Austin and Dripping Springs ISD for approximately a decade.

12) Mrs. Diez spends months every year planning Camp Drip, and she developed the entire curriculum, marketing, advertising, photography, videography, and all other aspects of Camp Drip. Camp Drip offers after school,

holiday, and summer camps and hires and pays employees. Certain employees have been working for Defendants in the school year, and for Camp Drip in the summer breaks. Until recently, Defendants did not offer summer camps or summer employment until, for the first time in 2023, Defendants offered summer camps at various Greater Austin metropolitan area school districts, including in direct competition in the Dripping Springs Independent School District in which Camp Drip operates.

13) Mr. Ben Mitchell was employed by Mrs. Diez to work at Camp Drip in June of 2019, 2021, and 2022. Upon information and belief, Mr. Ben Mitchell is the General Manager of Apex.

14) Mrs. Diez shared confidential copyrighted materials, including for example a camp schedule, with Ben Mitchell in June 2022 via a Google Docs for the limited purpose of use in his employment with Camp Drip. On information and belief, Mr. Mitchell downloaded the Schedule and unidentified additional materials for unauthorized use by Defendants.

15) All camps in Dripping Springs ISD are facilitated by the District. The District handles camp registration, payment, and allows use of District facilities. In return, the District charges a percentage of camp revenue, which is 15% for

camps run by District employees and 35% for camps run by non-district employees.

16) Heritage and Apex are a for-profit school fundraising franchisor that claims it has serviced 4.2 million students nationwide.

17) Neither Heritage and Apex nor its subsidiary Apex ATX LLC nor its principals are District employees, and are thus charged 35% of camp revenue by the District. Heritage and Apex, through their subsidiary Apex ATX LLC offered a partnership to Mrs. Diez, upon information and belief, to benefit from her status as District employee and to profit from the employee specific percentage payout in November of 2022, which Mrs. Diez respectfully declined. However, Mrs. Diez offered consultant services and a license to Heritage and Apex, via their subsidiary Apex ATX LLC, but never received a response. Later, Mrs. Diez found that Heritage and Apex, via their subsidiary Apex ATX LLC were nonetheless infringing Mrs. Diez's copyrighted materials. Mrs. Diez is the sole author and creator of the copyrighted materials at issue in this action (the "Materials"). Mrs. Diez has at all times been the sole owner of all right, title, and interest in and to the copyrighted Materials.

18) The Materials comprise the following copyrighted works:

a) TXu 2-362-982 effective April 2, 2023, a true and correct copy of which is attached hereto as **Exhibit A**, which comprises six separate works, of which the following three are infringed by Apex ATX LLC, entitled "Camp Drip - About", "Camp Drip - Home", and "Camp Drip - Summer Camp".

b) TXu 2-369-545, effective April 12, 2023, a true and correct copy of which is attached hereto as **Exhibit B** entitled "Camp Drip – Business Plan" and which was infringed.

19) On or about March 9, 2023, Plaintiff discovered that the Materials were being used by Heritage and Apex, via their subsidiary Apex ATX LLC, in numerous instances:

a) Apex Adventure Camp Website: https://apexadventurecamp.com/ (**Exhibit C**);

b) Two Round Rock ISD's camp websites (**Exhibits D and E**);

c) Apex Adventure Camp YouTube: https://www.youtube.com/watch?v=7eghMGm2Z3o (**Exhibit F**);

d) "Sample Schedule" posted on Apex Adventure Camp's website on March 30, 2023 (**Exhibit G**). The sample schedule posted by Defendants is an unauthorized derivative of Plaintiff's copyrighted material (*see* **Exhibit H** excerpt from TXu 2-369-545 "Camp Drip – Business Plan");

7

e) Apex Adventure Camp Flyers (**Exhibit I**);

f) Village Elementary PTA Facebook (**Exhibit J**).

20) Defendants' use of the copyrighted materials was and continues to be unauthorized.

21) Plaintiff (through counsel) served a notice of infringement on March 29, 2023 (**Exhibit K**).

22) On March 30, 2023, Mr. Michael Braeuer, principal of Apex subsidiary Apex ATX LLC, responded and acknowledged the unauthorized use of the copyrighted materials (**Exhibit L**). However, Defendants did not stop using the copyrighted materials. Defendants use continued for approximately a year.

23) Also on March 30, 2023, Defendants, through their subsidiary Apex ATX LLC, launched an Apex Adventure Camp commercial website in which Plaintiff's copyrighted materials were still being used and also including additional copyrighted material (not mentioned in the Cease and Desist notice) from Plaintiff without authorization.

24) On March 31, 2023, Defendants sent a communication to Plaintiff's counsel alleging its intent to discontinue unauthorized use of Plaintiff's copyrighted materials (**Exhibit M**). However, Plaintiff's copyrighted materials remained in use by Defendants.

25) Pursuant to the franchise agreement between Heritage and Apex on the one hand, and Apex ATX LLC on the other hand, the infringing marketing and operational materials are owned and/or approved by Heritage and Apex. The franchise agreement states that the franchisee must obtain approval from franchisor for "all advertising and promotional materials" and that the franchisee is not allowed to maintain their own websites (sections 11.1(c) and (d)).  Upon information and belief, Defendants maintain in the franchise agreement that Defendants own and control the relevant intellectual property, and the relevant summer camp activities.

26) Plaintiff therefore now brings this suit for willful copyright infringement and other causes of action.

## V.     COUNT ONE

### INFRINGEMENT OF U. S. COPYRIGHT NOS. TXU 2-369-545 AND TXU 2-362-982

27) Plaintiff therefore now brings this suit for willful copyright infringement and other causes of action.

28) Plaintiff realleges and incorporates herein the foregoing paragraphs.

29) By its actions alleged above, Defendants have infringed Plaintiff's federally registered copyrights.

30) Specifically, by copying, distributing, and/or displaying the Materials on Defendants' website, flyers, YouTube, and other school districts' websites and summer camp material without authorization, Defendants have infringed Plaintiff's exclusive rights set forth in 17 U.S.C. § 106, and are liable therefore.

31) Upon information and belief, Defendants Heritage and Apex operate as a joint enterprise and/or Apex works under the direction and control of Heritage, and they are jointly and severally liable for the actions of their subsidiary Apex ATX LLC pursuant to the governing franchise agreement.

32) Upon information and belief, Defendants Heritage and Apex are jointly and severally liable for any direct copyright infringement committed by Defendant Apex ATX LLC because they participated in the acts of infringement and/or because they are the dominant influence in the company, and/or determined the policies that resulted in the infringement. *Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689,693 (N.D. Tex. 2014) (*citing Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

33) Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights because Defendants knew that Defendants' use of the copyrighted materials constitutes copyright infringement; and because they acted with reckless disregard of Plaintiff's copyrights.

34) As a result of the foregoing, Plaintiff is entitled to actual damages, and any additional profits of the Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## VI.  COUNT TWO

### VICARIOUS INFRINGEMENT OF U. S. COPYRIGHT NOS. TXU 2-369-545 AND TXU 2-362-982

35) Plaintiff realleges and incorporates herein the foregoing paragraphs.

36) In addition to, and/or in the alternative to direct infringement, Defendants Heritage and Apex, through their subsidiary Apex ATX LLC, are jointly and severally liable for vicarious infringement because each had the right and ability to supervise the infringing activities of its agents, contractors, and representatives, and the practical ability to stop the infringement (by prohibiting the use of the copyrighted materials and/or removing the copyrighted materials); and because each had a direct financial interest in the infringing activities of its agents, contractors and representatives by virtue of the increased traffic and sales leads that they generated through the unlicensed use of the copyrighted materials, *see, e.g.*, *Playboy Enters., Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1177 (N.D. Tex. 1997) (finding that Plaintiffs copyrighted materials acted as a draw for customers by enhancing "the attractiveness of [defendant's] website to potential

11

customers"), and the saved costs of licensing fees (had the copyrighted materials been properly licensed from Plaintiff). *See, e.g.*, *Playboy Enters., Inc. v. Webbworld Inc.*, 991 F. Supp. 543, 553 (N.D. Tex. 1997); *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 U.S. Dist. LEXIS 208728, at *6 (W.D. Tex. Dec. 3, 2019).

37) Upon information and belief, Defendants Heritage and Apex and their subsidiary Apex ATX LLC operate as a joint enterprise and/or Apex ATX LLC works under the direction and control of Heritage and Apex, and they are jointly and severally liable.

38) Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights because they knew that Defendants' use and display of the copyrighted materials was unauthorized; and because they acted with reckless disregard of Plaintiff's copyrights for financial gain.

39) As a result of the foregoing, Plaintiff is entitled to actual damages, and any additional profits of the Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## VII.  COUNT THREE
### UNJUST ENRICHMENT

40) Plaintiff realleges and incorporates herein the foregoing paragraphs.

41)     In addition to, and/or in the alternative to direct infringement, Defendants Heritage and Apex are jointly and severally liable for unjust enrichment because (1) benefits were conferred on Defendants by Plaintiff; (2) Defendants appreciated the value of these benefits; and (3) Defendants accepted and retained these benefits under such circumstances that it would be inequitable for Defendants to retain the benefits without payment of value. *See*, *e.g.*, *Digital Drilling Data Systems, L.L.C. v. Petrolink Services, Inc.*, (5th Cir. July 2, 2020); *see also* Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co., 945 F.3d 1150, 1161 (11th Cir. 2019).

42)     Specifically, Defendants, through their subsidiary Apex ATX LLC, gained access to Plaintiff's confidential marketing and advertising materials, schedules, plans, and various other materials which conferred a tangible benefit to Defendants, including saving Defendants the time and know-how required to create these materials on its own.

43)     Defendants appreciated the value of these intellectual property assets which is shown in Defendants continuing use of Plaintiff's materials on its website and in its various other commercial materials as detailed above, even after receiving a cease and desist notice.

44) Defendants accepted, retained, and still retain these benefits in direct competition with, and to the detriment of, Plaintiff; such that it would be inequitable for Defendants to retain these benefits without payment of value.

45) Defendants have begun to roll out a nationwide program taking advantage of the unfairly conferred benefits.

46) Upon information and belief, Defendants Heritage and Apex operate as a joint enterprise and Apex ATX LLC works under the direction and control of Heritage and Apex, and they are jointly and severally liable.

47) As a result of the foregoing, Plaintiff is entitled to recover a reasonable value for the materials Defendants' used and are using without authorization.

## VIII.  JURY DEMAND

48) Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and seeks relief against Defendant as follows:

    A. An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently

restrained from unauthorized exploitation of Plaintiff's copyrighted Materials;

B. A finding that Defendants infringed Plaintiff's copyrighted materials;

C. A finding that Defendants infringement was willful;

D. A finding that Defendants are jointly and severally liable for damages for infringement of Plaintiff's copyrighted materials;

E. An award of actual damages under 17 U.S.C. § 504(b), or statutory damages under 17 U.S.C. § 504(c);

F. An award of enhanced damages for willful infringement;

G. An award sufficient to compensate Plaintiff for Defendants' unjust enrichment at Plaintiff's expense;

H. An award to Plaintiff of reasonable costs and attorney's fees under 17 U.S.C. § 505;

I. Prejudgment and post-judgment interest on any damage award as permitted by law; and

J. Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Dated: 27 November 2024               Respectfully Submitted,

                                             */s/ Henning Schmidt*

                                             Henning Schmidt
                                             Stradling Yocca Carlson & Rauth
                                             TX Bar No. 24060569
                                             HSchmidt@stradlinglaw.com
                                             500 W. 2nd St., Suite 1900
                                             Austin, TX 78701
                                             D: 512 788 5018 M: 512 826 7067

                                             *Attorney for Plaintiff*
                                             *Shay Diez*